IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOURNEY RESTAURANT CORP., <u>et al.</u>,<br><br>**Plaintiff(s)**<br><br>v.<br><br>CHICO CORP., <u>et al.</u>,<br><br>**Defendant(s)** | **CIVIL NO.** 11-1648 (JAG) |

**MEMORANDUM AND ORDER**

Before the Court stands Journey Restaurant Corp., Gisela De Jesus, Zufu Zhang, and Jenny Liu's (collectively "Plaintiffs") motion to remand. For the reasons outlined below, the Court **GRANTS** said motion.

**BACKGROUND**

This action was removed by co-defendant Juping Chi on July 8, 2011. Ms. Chi's notice of removal indicates that removal is proper because there exists complete diversity between the parties. According to Ms. Chi's motion plaintiffs are: Journey Restaurant Corporation, which was established in Puerto Rico, Gisela De Jesus, a citizen of Puerto Rico, Zufu Zhang, a citizen of Indiana, and Jenny Liu, a citizen of the People's Republic of China. Ms. Chi's motion identifies as defendants: Chico Corporation, which was established and operates in Puerto Rico, Ms. Chi, a citizen of Indiana, and Robert Thompson, a citizen of Indiana. Ms. Chi further argued that removal was proper due to alienage jurisdiction.

Ms. Chi's attorneys requested leave to withdraw as her attorneys on August, 2011. The Court denied permission to withdraw until new representation appeared. (Docket No. 14). Plaintiffs filed their motion to remand on August 8, 2011. Ms. Chi requested an extension of time to respond to said motion as she was in the process of contracting new legal representation. (Docket No. 16). The Court granted her request and shortly after Ms. Chi's attorneys filed a second motion requesting leave to withdraw due to some serious disputes with Ms. Chi that made their representation of Ms. Chi virtually impossible. (Docket Nos. 18-19). The Court granted Ms. Chi's attorneys leave to withdraw from the case. (Docket No. 22). Ms. Chi was granted an additional 30 days to secure new representation. Ms. Chi then requested that the Court appoint her with new counsel stating that she could not pay for an attorney. (Docket No. 23). Ms. Chi's motion for appointment of counsel is still pending before this Court. The Court has opted to examine whether jurisdiction over this dispute is proper before appointing counsel.

## DISCUSSION

Ms. Chi's notice of removal argues that there exists complete diversity between the parties. The Court disagrees. In order for the Court to exercise diversity jurisdiction there must be complete diversity among the parties. See American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139 (1st Cir. 2004)(citing Strawbridge v. Curtiss, 2 L.Ed. 435

(1806)). Diversity jurisdiction is premised on the idea that all plaintiffs and all defendants are of diverse citizenship. In the instant case, Ms. Chi readily admits that complete diversity is absent because Mr. Zhang, a plaintiff, and herself are citizens of Indiana. As a result, the Court need look no further as to whether it can properly exercise jurisdiction.

Ms. Chi also posits that that the Court enjoys alienage jurisdiction over this dispute. Ms. Chi accurately points out that two plaintiffs, Journey Restaurant Corporation (citizen of Puerto Rico) and Ms. Liu (citizen of the People's Republic of China) are diverse from Ms. Chi and Robert Thompson who are both citizens of Indiana. Title 28 U.S.C. § 1332(a)(2) provides district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between: (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state. In cases where the dispute encompasses citizens of a State and subjects of a foreign state jurisdiction may be proper. However, alienage jurisdiction does not abrogate the abecedarian requirement of complete diversity in order to sustain diversity jurisdiction.

Ms. Chi suggests that jurisdiction is proper because one of the plaintiffs is a subject of of a foreign state and the defendants are citizens of Indiana. However, Ms. Chi stated in

her own motion Zufu Zhang, a plaintiff, is also a citizen of Indiana. Therefore, no diversity jurisdiction exists.

## CONCLUSION

As a result of the foregoing, the Court **GRANTS** Plaintiffs' motion to remand.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on January 4th, 2012.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
